"This taking claim comes before the court on defendant’s motion for summary judgment (or, in the alternative, for dismissal), opposed by plaintiffs who seek a trial. For the reasons stated below, the motion is denied.
"Plaintiffs are the owners of two parcels of land near Air Force Plant 42 in the County of Los Angeles, which plant includes a military airport and a plant for manufacturing and testing by commercial firms for the Air Force.
"Plaintiffs’ parcels were located by the main entrance to the Lockheed plant, situated near the airport, and both parcels are directly beneath the approach path for runway 4 and the departure path for runway 22.
"Plaintiffs base their taking claim on two distinct theories of liability. The familiar theory of taking based on aircraft overflights is based on the Air Force’s failure to acquire enough property in the airport vicinity and alleges that the jet aircraft using the airport have, because of noise, vibration, and fumes, impaired the utility, marketability, and value of the properties. The other theory of liability is based on the Air Force’s alleged influence on the Palmdale City Council and the Los Angeles County Board of Supervisors, which allegedly caused their respective denials of plaintiffs’ applications to rezone the two parcels from single family residential to commercial planned development zones.
"Defendant has moved for summary judgment, alleging the facts pleaded bring the case squarely within the holding of De-Tom Enterprises, Inc. v. United States, 213 Ct. Cl. 362, 552 F.2d 337 (1977), where the United States was held not liable for its role in influencing a county board of supervisors to refuse a zoning application. Plaintiffs offer *955 several distinctions between their case and De-Tom, and allege that further fact finding is necessary.
"In De-Tom, plaintiff was found by the court to have acquiesced in the county board’s decision, leaving plaintiff with the untenable argument that the United States could be held liable for influencing a proper and lawful result. Here, by contrast, plaintiff has challenged the adverse zoning decisions in state court and does not agree that the decisions influenced by the United States were proper. Too, De-Tom emphasized that the Government’s regulatory activity cannot create taking liability unless it reached a certain level of extensiveness or intrusiveness, so long as there is no physical damage to or intrusion of plaintiffs property. As indicated above, plaintiffs’ claim includes allegations of physical damage or intrusion from jet overflights, and De-Tom did not purport to rule upon the Government’s liability for taking where physical intrusion or damage has been coupled with regulatory interference. Finally, De-Tom emphasized that the actions of the United States before the county board were the same as actions of any other landowner who might present arguments against zoning changes to a board considering a neighbor’s application for rezoning. Plaintiffs’ opposition to defendant’s motion for summary judgment contends the United States went much further here, stating the Government involved itself through private, 'secret’ meetings as well as regular public proceedings.
"We are doubtful that these distinctions are sufficient to permit a judgment on the claim based on Government influence. The claims sound essentially in tort, and it hardly needs repeating that this court hears no claims in tort. 28 U.S.C. § 1491 (1970). It is true that Government regulation, if sufficiently extensive or intrusive, may constitute a taking, see Benenson v. United States, 212 Ct. Cl. 375, 548 F.2d 939 (1977), but it is equally true that the wrongful influencing by the Federal Government of actions by a separate governmental entity is at bottom a claim grounded in tort. See Sharp v. United States, ante, at 883. Nevertheless, we are not inclined to foreclose fact finding and argument on this issue, for we are not eager to grant partial summary judgment where the theories of liability *956 may be related and a claim cognizable here has been stated.
"We do see a cognizable claim stated in plaintiffs’ allegations that the invasion of noise, fumes, and vibration by overflying aircraft constitutes a taking. See, e.g., United States v. Causby, 328 U.S. 256 (1946).[1] True, plaintiffs have not directly alleged that defendant has invaded their property. See Batten v. United States, 306 F.2d 580 (10th Cir. 1962), cert. denied, 371 U.S. 955 (1963), but we think the petition may be fairly construed to contain jurisdictionally adequate allegations on this point, since defendant has admitted plaintiffs’ allegation that both properties lie beneath an approach path and a departure path for airport runways. On this claim there remain disputed issues of material fact which preclude summary judgment. See Rule 101(d). As stated above, the remand necessary on this issue makes us unwilling to foreclose inquiry into the matter of Government influence in the zoning applications’ denial despite our suspicion that such claim sounds in tort. A more orderly resolution of this claim can be reached by permitting the trial judge to begin proceedings directed to the development of facts sufficient to permit an informed decision of the proper resolution of both of plaintiffs’ theories. Should this process force a later decision on the influencing charge, we can at that time decide whether the claim should be dismissed or transferred to a district court pursuant to 28 U.S.C. § 1506 (1970). If plaintiffs should prevail here on a claim for inverse condemnation, the tort claim, if it is such, would be mooted.
"Upon the parties written submissions, but without oral argument,
"IT IS HEREBY ORDERED that defendant’s motion for summary judgment, or in the alternative for dismissal, is denied. The case is remanded to the Trial Division for further proceedings.”

 See also Branning v. United States, ante at 949.